IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
DWAYNE PAWLAK,                )
                              )
            Plaintiff,        )
                              )
     v.                       ) Civil Action No. 04-1945
                              )
JO ANNE B. BARNHART,          )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
            Defendant.        )
```

O P I N I O N

DIAMOND, D.J.

Pursuant to 42 U.S.C. §405(g), plaintiff seeks judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"). 42 U.S.C. §§401-403. Presently before the court are cross-motions for summary judgment. For the reasons set forth below, plaintiff's motion will be granted, the Commissioner's motion will be denied and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

Procedural History

Plaintiff filed his application for DIB on May 4, 2001, alleging disability beginning October 1, 1999, due to mental and physical problems. Plaintiff's application was denied. Plaintiff timely filed a request for a hearing. An Administrative Law Judge ("ALJ") held a hearing on November 25, 2002, at which plaintiff

appeared represented by counsel. On May 16, 2003, the ALJ issued a decision finding that plaintiff is not disabled. On October 29, 2004, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

## Standard of Review

As the factfinder, an ALJ has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Despite the deference to administrative decisions required by this standard, a reviewing court "retain[s] a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). These well-established principles dictate that this court remand this case to the ALJ for further development at steps 2 and 3, and, if necessary step 5, of the sequential evaluation process because the record does not contain substantial evidence to support the ALJ's findings and conclusions at those steps.

## Statement of Material Facts

Plaintiff was 44 years old at the time of the administrative hearing and is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a high school education and an associate's degree in computer technology. Plaintiff has past relevant work experience as a computer operator and assembler/welder, but he has not engaged in substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from severe impairments[1], he found that they do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform the exertional demands of light work, and he has no non-exertional impairments (collectively, the "RFC Finding"). Based upon the RFC Finding, the ALJ concluded that plaintiff could not perform his past work. However, based on the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual

---

[1] As discussed below, the ALJ simply found that plaintiff has severe impairments, but he did not identify the nature of those severe impairments.

- 3 -

functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a cashier, file clerk or security guard. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

## Analysis

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598. The process is sequential, following a "set order" of inquiries. 20 C.F.R. §404.1520(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any

- 4 -

other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary.  20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at steps 2 and 5 of the sequential evaluation process.  At step 2, plaintiff claims that the ALJ's finding that his mental impairment is non-severe is not supported by substantial evidence. Further, at step 5, plaintiff asserts that the ALJ erred in assessing his credibility, and the ALJ's hypothetical to the vocational expert did not contain all of his limitations.

Plaintiff first challenges the ALJ's findings at step 2 of the sequential evaluation process. As an initial matter, it is difficult for the court to review the ALJ's step 2 finding. In the body of his decision, the ALJ found "at the second step that [plaintiff] has severe impairments" (R. 14), but he did not identify the severe impairments. Subsequently, in the findings section of the decision, the ALJ wrote that plaintiff "has a non-severe personality disorder not otherwise specified and has a low back pain disorder with a non-severe disorder, and is an alcoholic with a non-severe disorder." (R. 19). The court assumes that the ALJ found plaintiff's low back pain to be a severe impairment, but it is unclear because the ALJ stated that plaintiff "has a low back pain disorder with a non-severe disorder." That leaves the

AO 72A
(Rev.8/82)

court to guess as to the severity of plaintiff's low back pain, as well as the nature of the "non-severe" disorder associated with it. On remand, the ALJ must specify which of plaintiff's impairments he found to be severe.

In addition, with respect to step 2, it appears that the ALJ found plaintiff's claimed mental impairment to be non-severe, as he stated that plaintiff has a non-severe personality disorder not otherwise specified. (R. 19). Plaintiff argues that the ALJ erred in finding that his mental impairment is non-severe.

The "severity regulation" applied at step 2 requires that the claimant have a severe impairment or combination of impairments, which significantly limits the claimant's physical or mental ability to perform basic work activities.[2] 20 C.F.R. §404.1520(c). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step 2 severity determination in terms of what is "not severe." Beasich v. Commissioner of Social Security, 2003 WL 21299604, *8 (3d Cir. 2003) (citing Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996)). According to the Regulations, an impairment "is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §404.1521(a). Social Security Ruling 85-28 clarifies that

---

[2]. Basic work activities include the ability to: (1) perform physical functions; (2) see, hear and speak; (3) understand, carry out and remember simple instructions; (4) use judgment; (5) respond appropriately to supervision, co-workers and usual work situations; and (6) deal with changes in a routine work setting. 20 C.F.R. §404.1521(b)(1)-(6).

AO 72A
(Rev.8/82)

an impairment can be found "not severe" only if the evidence establishes a slight abnormality which has no more than a minimal effect on an individual's ability to work. If the evidence indicates more than a "slight abnormality," the step 2 requirement of "severe" is met and the sequential evaluation process should continue. Beasich, 2003 WL 21299604 at *8; Smolen, 80 F.3d at 1290.

Here, Dr. Martone, who performed a consultative examination of plaintiff, found that he has chronic pain syndrome and a personality disorder not otherwise specified. (R. 671). The ALJ determined that Dr. Martone's consultative examination report deserved no weight because it was based solely on plaintiff's own representations and was not corroborated by the record. To the contrary, Dr. Martone's impression was based on interviewing plaintiff, considering his past history and performing a mental status examination. (R. 666-672). Further, her opinion of plaintiff is corroborated by records from Dr. Berger, who is a neurologist. Dr. Berger found that plaintiff "has moderately intense pain and appears to have some degree of ill-defined psychiatric dysfunction." (R. 406). In addition, Dr. Musher found that plaintiff has symptoms of a panic disorder. (R. 634, 681-84). In light of the foregoing, the ALJ should consider on remand whether this evidence indicates that plaintiff has more than a "slight abnormality" concerning his claimed mental impairment sufficient to satisfy the step 2 severity requirement as discussed herein.

Although not raised by plaintiff, the court next must comment on the ALJ's findings at step 3 of the sequential evaluation process.[3] At step 3, the ALJ stated, "...I find that [plaintiff's] impairments neither meet nor equal any of the Listings at Appendix 1 of the Regulations." (R. 14). That was the extent of the ALJ's step 3 analysis in this case.

At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §404.1525(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Burnett, 220 F.3d at 120 n.2. The claimant has the burden to present medical findings that show his impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a

---

[3]As noted at the outset of this opinion, despite the deference to administrative decisions required by the substantial evidence standard, a reviewing court "retain[s] a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence." Morales, 225 F.3d at 317 (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). Thus, although plaintiff did not question the ALJ's step 3 finding in his brief, the court is required to review the entire record and address the deficient step 3 analysis in this case.

listed impairment, the ALJ must set forth the reasons for his decision. Burnett, 220 F.2d at 119. Although Burnett does not require the ALJ to use particular language or adhere to a certain format in conducting his step 3 analysis, the ALJ must provide sufficient explanation to allow for meaningful review of the step 3 determination. Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004).

In this case, at step 3, the ALJ stated in conclusory fashion that plaintiff's impairments do not meet or equal a listing. Contrary to Burnett, the ALJ did not identify the relevant listed impairments in the regulations that he considered, nor did he explain the reasons for his decision that plaintiff does not meet or equal a listing. On remand, the ALJ must comply with the step 3 analysis required by Burnett.

Plaintiff next challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and

other functions. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on two grounds: (1) the ALJ erred in assessing plaintiff's credibility concerning his complaints of pain given that he suffers from chronic pain syndrome; and (2) the ALJ's hypothetical to the vocational expert did not include all of plaintiff's limitations concerning his claimed mental impairment. On remand, after the ALJ completes the analysis at steps 2 and 3 of the sequential evaluation process as set forth above, he shall continue the sequential evaluation process analysis by taking into account any revised findings he may make at steps 2 and 3. In light of any revised findings at steps 2 and 3, if necessary, the ALJ should reconsider plaintiff's complaints of pain and pose a hypothetical question to a vocational expert that incorporates all of plaintiff's limitations supported by the evidence.

## Conclusion

For the foregoing reasons, this case shall be remanded to the Commissioner for further proceedings at steps 2 and 3, and if necessary step 5, of the sequential evaluation process consistent with this opinion.

An appropriate order will follow.

*Gustave Diamond*
Gustave Diamond
United States District Judge

Date: February 13, 2006

- 10 -

cc:   Karl E. Osterhout, Esq.
      570 Edgewood Towne Center Offices
      1789 S. Braddock Ave.
      Pittsburgh, PA 15218

      Jessica Smolar
      Assistant U.S. Attorney
      Suite 400, U.S.P.O. & Courthouse
      Pittsburgh, PA 15219

- 11 -

AO 72A
(Rev.8/82)